UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael Walters,

    Petitioner,

v.                                            Case No. 2:09–cv–446

Michael Sheets, Warden,             Judge Michael H. Watson
                                                   Magistrate Judge King
    Respondent.

## OPINION AND ORDER

On December 29, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus be granted on claim four and that the matter be remanded to the state trial court for re-sentencing. ECF No. 21. Both Respondent and Petitioner have filed objections to the Magistrate Judge's *Report and Recommendation*, ECF Nos. 24, 25, and Petitioner has filed a reply to Respondent's objections, ECF No. 28. For the reasons that follow, Respondent's objections, ECF No. 25, and Petitioner's objections, ECF No. 24, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The Court **ISSUES** a conditional writ of habeas corpus on claim four. The State of Ohio shall release Petitioner from custody unless, **WITHIN NINETY (90) DAYS OF THE ISSUANCE OF THIS ORDER**, the State of Ohio vacates one of Petitioner's convictions and resentences Petitioner based solely on the remaining conviction in accordance with this Order. The remainder of Petitioner's claims are hereby **DISMISSED**.

In claim one, Petitioner alleges that he was denied a fair trial because the trial court denied his motion to sever his trial from that of his co-defendant.[1] In his objections, Petitioner again raises the same arguments raised before the Magistrate Judge. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court is not persuaded that Petitioner has established that the trial court's denial of his request for a severance warrants federal habeas corpus relief.

In claim two, Petitioner alleges that he was denied a fair trial because the trial court refused to grant him a continuance in order to review material untimely disclosed by the prosecution under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). In rejecting this claim, the Magistrate Judge concluded that the state court had not erred in finding no *Brady* violation; the Magistrate Judge also concluded that the record failed to indicate prejudice to Petitioner. *Report and Recommendation*, at 25. Referring in his objections to *District Attorney's Office for Third Judicial District v. Osborne,* 129 S. Ct. 2308 (2009), Petitioner contends that the Supreme Court of the United States has not limited *Brady* to merely post-trial disclosures; Petitioner also argues that he was prejudiced by the prosecution's disclosure of evidence on the eve of trial and by the trial court's refusal to grant a continuance in order to permit him to further examine this material.

In *District Attorney's Office v. Osborne,* the Supreme Court of the United States held that *Brady* does not apply to post-conviction collateral proceedings. *Id.* at

---

[1] As the Magistrate Judge noted, Petitioner's claim three appears – not as a separate claim – but only as support for Petitioner's first claim.

2319–2320.² That holding has no application to the facts of this case. Here, the record reflects that the prosecutor did disclose the material at issue on the day before *voir dire* began. See *State v. Walters*, No. 06AP-693, 2007 WL 3026956, at *11–12 (Ohio App. 10th Dist. Oct. 18, 2007) ("Prior to *voir dire*, defendant noted that on the previous evening the prosecutor had provided him with access to 22 police informational summaries, including inculpatory and exculpatory statements that defendant, McKenzie, or other witnesses made."). Further, upon review of the entire record, this Court is not persuaded that Petitioner can establish prejudice.

For all these reasons, Petitioner's objections are **OVERRULED**.

In his claim four, Petitioner alleges that his separate convictions and sentences on charges of felony murder and felonious assault relating to the victim, Richard J. Strojny, violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Magistrate Judge agreed and recommended that the petition for a writ of habeas corpus be granted as to this claim and the case be remanded to the state court for re-sentencing.

In his objections, Respondent argues both that the Magistrate Judge substituted her own interpretation of Ohio legislative intent for the Ohio courts' interpretation and that the Magistrate Judge should not have applied *State v. Williams*, 124 Ohio St. 3d 381 (2010), or other cases decided after Petitioner's conviction had become final. Petitioner argues that the Magistrate Judge properly followed the state court

---

² In *United States v. Agurs*, 427 U.S. 97, 103 (1976), referred to in the Magistrate Judge's *Report and Recommendation,* the Supreme Court commented that *Brady* applies to information, produced after trial, which had been known to the prosecution but unknown to the defense.

interpretation and because *Williams* merely clarified the proper application of Ohio's allied offenses statute, Ohio Revised Code § 2941.25, the Magistrate Judge was correct to apply *Williams*.

The Double Jeopardy Clause prohibition against multiple punishments for the same offense prevents state courts from imposing a punishment greater than what the state's legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). "[W]hen a legislature signals its intent to either prohibit or permit cumulative punishments for conduct that may qualify as two crimes . . . the legislature's expressed intent is dispositive." *State v. Rance*, 85 Ohio St. 3d 632, 635 (1999) (citing *Ohio v. Johnson*, 467 U.S. 493, 499 (1984), *overruled on other grounds by State v. Johnson,* 128 Ohio St. 3d 153, 161 (2010)). Therefore, a violation of Ohio Revised Code § 2941.25 is a violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. *Hunter*, 459 U.S. at 366. Habeas is properly granted under the Antiterrorism and Effective Death Penalty Act (AEDPA) whenever a state court has reached a result contrary to clearly established Federal Law. 28 U.S.C. § 2254(d)(1).

Ohio's allied offenses statute, Ohio Revised Code § 2941.25, reads:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment of information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Ohio Rev. Code § 2941.25.

The Supreme Court of Ohio's interpretation of the allied offenses statute has evolved over the years. When the Tenth District Court of Appeals for the State of Ohio decided Petitioner's appeal of his conviction, Ohio state courts interpreted Ohio Revised Code § 2941.25 under the standard set forth in *State v. Rance,* 85 Ohio St. 3d 632 (1999). In *Rance,* the Supreme Court of Ohio held that Ohio Revised Code § 2941.25 required courts to consider the statutory elements of each crime in the abstract. *Rance,* 85 Ohio St. 3d at 638. If in the abstract, the commission of one crime resulted in the commission of the other, the crimes were considered allied offenses of similar import. *Id.* If the offenses were allied, a defendant could be convicted of both only if the defendant committed the crimes separately or with separate animus. *Id.* at 638–39.

Using the *Rance* standard, several Ohio courts, including the Tenth District Court of Appeals in Petitioner's appeal, held that felonious assault is not an allied offense of similar import to felony murder. *State v. Walters,* No. 06AP-693, 2007 WL 3026956, at *20 (Ohio Ct. App. 10 Dist. Oct. 18, 2007); *see also State v. Jones,* No. 21522, 2007 WL 706632, at *3 (Ohio Ct. App. 2 Dist. March 9, 2007); *State v. Carroll,* Nos. CA2007-02-030, CA2007-03-041, 2007 WL 4555782, at 10 (Ohio Ct. App. 12 Dist. Dec. 28, 2007). The Tenth District held that the two crimes did not merge "because felony murder involves causing death while committing a first or second-degree felony of violence, but felonious assault requires knowingly causing serious physical harm to another, [so] the commission of one crime does not result in the commission of the other." *Walters,* 2007 WL 3026956, at *20 (internal citations omitted). In other words, in the abstract it is possible to commit either crime without committing the other, so under the *Rance* approach the two crimes do not merge.

The Supreme Court of Ohio has since revisited the *Rance* court's interpretation of Ohio Revised Code § 2941.25. In *State v. Cabrales*, the Supreme Court of Ohio clarified that when comparing elements of two crimes in the abstract, the elements need not align exactly in order to be allied offenses. 118 Ohio St. 3d 54, 59–61 (2008). Rather, the elements merely need to be so closely aligned that the commission of one necessarily results in the commission of the other. *Id.*

In January 2010, the Supreme Court of Ohio applied the standard from *Cabrales* in *State v. Williams*. 124 Ohio St. 3d 381, 386–87 (2010). In holding that felonious assault and attempted felony murder constitute allied offenses of similar import, the court considered the elements of the crimes in the abstract. *Id.*

> In order to commit the offense of attempted murder as defined in R.C. 2903.02(B), one must purposely or knowingly engage in conduct that, if successful, would result in the death of another as a proximate result of committing or attempting to commit an offense of violence. Since felonious assault is an offense of violence, R.C. 2901.01(A)(9), the commission of attempted murder, as statutorily defined, necessarily results from the commission of an offense of violence, here, felonious assault. Accordingly, felonious assault as defined in R.C. 2903.11(A)(1) is an allied offense of attempted murder as defined by R.C. 2903.02(B) and 2923.02.

*Id.* at 386. In the present case, the Magistrate Judge recommended that habeas relief be granted relying on the reasoning in *Williams* and several post-*Williams* decisions from Ohio Courts of Appeal which held that felonious assault and felony murder are allied offenses of similar import. *Report and Recommendation*, at 30.

On the same day that the Magistrate Judge filed the *Report and Recommendation* in this case, the Supreme Court of Ohio explicitly overturned *Rance*'s interpretation of Ohio Revised Code § 2941.25. *State v. Johnson,* 128 Ohio St. 3d 153, 161 (2010). The interpretation of Ohio Revised Code § 2941.25 in *State v. Johnson*

requires a court to consider whether it is possible to commit both offenses with the same conduct, instead of whether it is possible to commit one without committing the other. *Johnson*, 128 Ohio St. at 162. If it is possible to commit both offenses with the same conduct, a court must then consider whether the offenses were committed by a single act and a single state of mind in the specific case. *Id.* In *Johnson*, the court used that interpretation of Ohio Revised Code § 2941.25 to hold that child endangering and felony murder are allied offenses. *Id.* at 163. Because the abuse of the child was the conduct that caused the death of the child, the defendant could be sentenced for either child endangering or felony murder, but not both. *Id.*

The Magistrate Judge did not have the benefit of *Johnson* when making a recommendation in the case *sub judice*, but *Johnson* confirms the Magistrate Judge's conclusion that felonious assault and felony murder merge under Ohio Revised Code § 2941.25. First, it is possible to commit both felonious assault and felony murder with the same conduct, especially where, as in this case, the felonious assault charge is the underlying felony in the felony murder charge. Second, in this case the same physical altercation and animus resulted in both crimes. Defendant's physical fight with the victim met the elements of felonious assault and resulted in the victim's death. Just as the single beating in *Johnson* required that child endangering and felony murder merge, the single assault in this case merges with felony murder. Therefore, the Magistrate Judge did not substitute her own interpretation of Ohio Revised Code § 2941.25, but rather properly applied the Supreme Court of Ohio's current interpretation of the statute.

Beyond whether the Magistrate Judge applied the Supreme Court of Ohio's precedent correctly, Respondent also objects to applying the recent reinterpretation of

Ohio Revised Code § 2941.25 to this case. In support, Respondent cites several cases for the proposition that habeas courts are bound by a state court's interpretation of the state's allied offenses statute. Petitioner responds that *Williams* merely clarified Ohio Revised Code § 2941.25 and therefore *Williams* should have retroactive application.

When the Supreme Court of Ohio overrules its interpretation of a state statute, the correction has retroactive application. *Agee v. Russell*, 92 Ohio St. 3d 540, 543 (2001). In reviewing a previous statutory interpretation the court is not creating new law, but rather deciding what the statute meant from its inception. *Id.* Additionally, *Johnson* and *Cabrales* make clear that decisions of lower Ohio courts had misinterpreted Ohio's statute governing allied offenses, thereby creating unreasonable results inconsistent with the Double Jeopardy Clause. *See Johnson*, 128 Ohio St. 3d at 158; *Cabrales*, 118 Ohio St. 3d at 59 (2008). Therefore, *Johnson*'s interpretation of Ohio Revised Code § 2941.25 has retroactive interpretation.

Habeas courts are required to follow an Ohio court's determination of the legislature's intent only if it is undisturbed by the Supreme Court of Ohio. *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989). Respondent is correct that in general a habeas court is required to follow an Ohio court's determination of whether the Ohio legislature intended that a single act receive multiple punishments. *Id.* The Sixth Circuit, however, stated that the general rule applies only to an interpretation by a majority of a state's courts "undisturbed" by the state's highest court. *Id.* In this case, the Supreme Court of Ohio disturbed the former prevailing interpretation of Ohio Revised Code § 2941.25 through its holding in *Johnson*.

Therefore, the interpretation of Ohio Revised Code § 2941.25 in *Johnson* applies retroactively to this case and convicting Petitioner of both felonious assault and felony murder violates Ohio's statute and the Double Jeopardy Clause. In this case, multiple sentences for one offense is a result contrary to clearly established federal law which qualifies Petitioner for a writ of habeas corpus under AEDPA, 28 U.S.C. § 2254(d)(1). Accordingly, Respondent's objections are **OVERRULED**.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For these reasons and for the reasons set forth in the Magistrate Judge's *Report and Recommendation*, the parties' objections, ECF Nos. 24, 25, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The Court **ISSUES** a conditional writ of habeas corpus based on claim four. The State of Ohio shall release Petitioner from custody unless, **WITHIN NINETY (90) DAYS OF THE ISSUANCE OF THIS ORDER**, the State of Ohio vacates one of Petitioner's convictions and resentences Petitioner based solely on the remaining conviction in accordance with this Order. The remainder of Petitioner's claims are hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**